UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| BRADLEY D. NELSON | ) | |
| | ) | |
| v. | ) | NO. 2:03-CV-439 |
| | ) | |
| WASHINGTON COUNTY DETENTION CENTER, MEDICAL STAFF, *et al.* | ) | |

**MEMORANDUM and ORDER**

Bradley D. Nelson, a prisoner in the Washington County Detention Center (WCDC), brings this *pro se* civil rights action for damages and injunctive relief under 42 U.S.C. § 1983, alleging that his right to medical care is being violated. The plaintiff is **ASSESSED** the civil filing fee of $150.00 under 28 U.S.C. § 1915.[1] Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

[1] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the increase.

or

(b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[2] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is confined, to ensure compliance with the above fee-assessment procedures.

In his complaint, the plaintiff alleges that he has a medical condition involving his leg; that, for many months, he has informed the WCDC medical staff and officers about his condition and the pain which results from it; that, in response to the three sick call requests he filled out, he was given Tylenol; that no one offered to take him to the hospital for X-rays or for other testing to assist in a proper

---

[2] Send the payments to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

evaluation of his condition; and that, when he attempts to give further reports on his medical condition or asks for pain medication, he is told to fill out another sick call request or that "they do not carry Tylenol or Ibuprofen on the [medicine?] cart during the day." He also complains that he has been assigned, on several occasions, to sleep on the top bunk and, thus, obliged to jump up to reach it and jump down to get off it and that no one has ever asked him if his sleeping arrangements were hurting his medical condition.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). It is unclear, based on the plaintiff's allegations in ¶ 2 of his complaint, whether he has administratively exhausted his claims through the WCDC grievance system. Nevertheless, where a prisoner's contentions do not state a claim in the first place, he need not exhaust them. *Id.*, at 1104. This is the situation here.

Deliberate indifference to the serious medical needs of prisoners constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, a prisoner whose claims are based on a theory of medical negligence has not stated

a recognizable claim under § 1983 because medical negligence is not a constitutional violation. *Id.* at 106.

In this case, by the plaintiff's own allegations, he saw medical care providers in response to each sick call request and, each time, was treated with an over-the-counter medication [though he disagrees with the adequacy of treatment]. At best, his contentions that the medical staff members failed to recognize the serious nature of his condition and failed to refer him for further testing at the hospital would comprise a claim for medical negligence. Thus, because the questioned conduct cannot be said to constitute an unnecessary and wanton infliction of pain, the court concludes that the allegations regarding such conduct do not state a valid claim under the Eighth Amendment. *Id*. at 105-06.

Accordingly, for the reasons discussed above, this action will be dismissed for failure to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate order of dismissal will enter.

ENTER:

s/Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE